# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**THE PERFECT COMPANY**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO: 07-7642-MVL-SS**

**ESSEX INSURANCE COMPANY**

## ORDER

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON OUTSTANDING COSTS (Rec. doc. 121)

**DENIED IN PART AND DISMISSED IN PART AS MOOT**

During the trial of the case, it was settled. Rec. doc. 119. It was dismissed without prejudice to the right, upon good cause shown, to reopen the action. Each party was to bear its own costs. The Court retained jurisdiction. Rec. doc. 120. On September 8, 2010, the plaintiff, The Perfect Company ("TPC"), filed a motion for summary judgment on outstanding costs, which was referred to the Magistrate Judge. Rec. doc. 121. The defendant, Essex Insurance Company ("Essex"), contends that the motion is moot. Rec. doc. 122.

TPC seeks an order requiring Essex to pay the fees of its expert, Eric Rigby, for his deposition. TPC contends that the parties agreed to such a payment at the time of Rigby's deposition. Essex reports that within thirty days of the settlement of the case and after the filing of this motion, it paid Rigby's statement. Rec. doc. 122. TPC replies that Rigby was paid. Rec. doc. 124. The motion is moot as to Rigby's fee for his deposition.

TPC seeks an order barring a fact witness, Roy Hinton, from attempting to collect a fee from it. At the time of his deposition, Mr. Hinton was president of Claims Services Corporation. After

TPC made its claim, Mr. Hinton was responsible for the claims handling process on behalf of Essex. At the time of his deposition and at the trial, Mr. Hinton sought payment from TPC for his time in being deposed.  Essex contends that TPC is only liable for the additional travel expenses and hotel costs for Mr. Hinton having to arrive a day earlier than scheduled.  The letter, dated August 18, 2010, from counsel for TPC to counsel for Essex demonstrates that counsel for TPC accepted responsibility for Mr. Hinton's additional travel costs.  Rec. doc. 121 (Exhibit 3).  Essex does not assert a claim for Mr. Hinton's deposition fee.  It acknowledges that TPC "is not responsible for the various insurance adjustment professionals. . . ."  Rec. doc. 122 at 2.  Mr. Hinton is not a party to this proceeding.  The Court lacks jurisdiction over him to enter an order barring him from pursuing a fee from TPC for his deposition.  Its request for such an order must be denied.  Nevertheless, there is no basis for Mr. Hinton to collect such a fee from TPC.

TPC's request for its costs in bringing this motion is denied.

IT IS ORDERED that TPC's motion for summary judgment on outstanding costs (Rec. doc. 121) is DENIED in PART and DISMISSED in PART as MOOT.

New Orleans, Louisiana, this 6th day of October, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**